Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U.S. DISTRICT COURT
DEC 2 9 2004
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

DOCKETED ON CM
DEC 2 9 2004
BY ___ 051

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MARK BETHEA, VELOCITY ENTERTAINMENT GROUP, <br><br> Plaintiffs, <br><br> v. <br><br> MARK BURNETT, et al., <br><br> Defendants. | No. CV 04-7690-JFW (PLAx) <br><br> **MEMORANDUM AND ORDER RE: PARTIES' STIPULATION AND PROPOSED PROTECTIVE ORDER** |

The Court has received and considered the parties' Stipulation and [Proposed] Protective Order ("Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the followings reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (for example, "blueprints," "customer lists," or "market surveys," etc.). It is not sufficient to allow the parties to determine, without any direction, if a document contains confidential information. (See p. 3, at ¶ 5.) Further, in proposing or agreeing to the protection of "trade secrets," the definition for that term in California Civil Code § 3426.1 should be incorporated into the protective order, either by reference or by quotation.

(33)

Second, the Court cannot agree that all materials and pleadings submitted to the Court which contain or disclose information designated as "Confidential" or "Attorneys Eyes Only" shall be filed with the Court under seal. (See p. 8, at ¶ 15; p. 10, at ¶ 17). To the extent the parties intend that any pleading, paper or other document filed with the Court that <u>contains</u> or <u>discloses</u> <u>confidential information</u> shall be filed under seal, the parties' proposal is overly broad and conceivably covers every pleading filed in the action. If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers -- or the confidential portion thereof -- under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

Third, the Court will not agree to the procedures the parties propose in the event of a dispute regarding the designation of confidential information. (See p. 12, at ¶ 24). In the event of a dispute regarding the designation or removal of designation of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

Finally, the Court may only enter a protective order upon a showing of good cause. <u>Phillips v. G.M. Corp.</u>, 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c) requires a showing of "good cause" for a protective order); <u>Makar-Wellbon v. Sony Electronics, Inc.</u>, 187 F.R.D. 576, 577 (E.D.Wis. 1999) (even stipulated protective orders require good cause showing). The parties' stipulation fails to include any statements to demonstrate good cause for issuing the protective order. In any revised stipulated protective order submitted to the Court, the parties must include

/
/
/
/

1 a statement demonstrating good cause for entry of a protective order pertaining to the documents
2 or information described in the order. The paragraph containing the statement of good cause
3 should be preceded by a heading stating: "GOOD CAUSE STATEMENT."

4
5
6 DATED: December 29, 2004          /s/ Paul L. Abrams
                                    PAUL L. ABRAMS
7                                   UNITED STATES MAGISTRATE JUDGE