Priority  
Send ✓  
Enter  
Closed  
JS-5/JS-6  
JS-2/JS-3  
Scan Only

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

Case No. CV 04-7690-JFW (PLAx)                                          Date February 10, 2005

Title: Mark Bethea, et al. v. Mark Burnett, et al.

---

PRESENT: THE HONORABLE **PAUL L. ABRAMS**

☐ U.S. DISTRICT JUDGE  
☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFFS:  
NONE

ATTORNEYS PRESENT FOR DEFENDANTS:  
NONE

DOCKETED ON CM  
FEB 10 2005  
BY ___ 048

PROCEEDINGS:      (IN CHAMBERS)

Currently pending before the Court are:

1. Plaintiffs' Motion to Compel Deposition of Conrad Riggs and Request for Production of Documents, set for hearing on March 1, 2005;
2. Defendants' Motion for Entry of Protective Order; and
3. Defendants' Ex Parte Application for an Order Shortening Time for Hearing on Defendants' Motion for Protective Order.

From its review of the above pleadings, as well as the supporting and opposing documents, it is evident that plaintiffs' Motion to Compel would be rendered moot upon the entry of an appropriate protective order in this matter. In fact, the parties submitted a proposed Protective Order on December 29, 2004. Although the Court rejected the proposed Protective Order, it provided specific instructions to the parties as to how to revise the Protective Order to make it acceptable to the Court. Indeed, the Court routinely receives proposed protective orders that it rejects with suggested revisions; parties routinely make the revisions and resubmit those proposed orders; the Court then routinely signs them. The Court is inclined to enter a protective order in this matter that would encompass the types of documents and information set forth in the proposed Protective Order lodged by defendants on February 8, 2005. (See Proposed Protective Order at pp. 6-7, ¶ 5). Such a Protective Order would include those **portions** of any deposition testimony that contain such protected information.

Accordingly, the parties are ordered, **no later than February 17, 2005**, to submit to the Court a revised proposed Protective Order consistent with the Court's December 29, 2004, Memorandum and Order Re: Parties' Stipulation and Proposed Protective Order, and this Order. Failure by either party to negotiate in good faith concerning the terms and conditions of a protective order may result in the imposition of sanctions. In the unlikely event that the parties are unable to stipulate to a protective order, defendants may resubmit their Motion

46

for Entry of a Protective Order after February 17, 2005. Upon the entry of a protective order in this matter, the Court will, based on defendants' representations that Conrad Riggs will appear for a deposition and will produce responsive documents (see, e.g., Joint Stipulation re: Plaintiffs' Motion to Compel, p. 23 (emphasis in original)), set an expedited schedule for that deposition and document production.

In light of the above, plaintiffs' Motion to Compel and Defendants' Motion for Entry of Protective Order are **denied** without prejudice. Defendants' Ex Parte Application is **denied** as **moot**.


cc: Counsel of Record


Initials of Deputy Clerk_____