UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

CIVIL MINUTES -- GENERAL

Case No.   **CV 04-7690-JFW (PLAx)**                            Date: August 16, 2005

Title:     MARK BETHEA, et al. -v- MARK BURNETT, et al.

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                                  None Present
Courtroom Deputy                                Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                            None

**PROCEEDINGS (IN CHAMBERS):**    ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES UNDER 17 U.S.C. § 505 AND 28 U.S.C. § 1927 [filed 7/27/05; Docket No. 130]

On July 27, 2005, Defendants Mark Burnett, Mark Burnett Productions, Inc., JMBP, Inc., Trump Productions, LLC, Donald Trump, NBC Universal, Conrad Riggs and Jay Bienstock (collectively "Defendants") filed a Motion for Attorneys' Fees Under 17 U.S.C. § 505 and 28 U.S.C. § 1927. On August 8, 2005, Plaintiffs Mark Bethea and Velocity Entertainment Group (collectively "Plaintiffs") filed their Opposition. On August 15, 2005, Defendants filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 22, 2005 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

Pursuant to 17 U.S.C. § 505,

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Under the foregoing section, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35 (1994). "In deciding whether to award fees under the Copyright Act, the district court should consider, among other

things: the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996).

Based on its analysis of the foregoing factors, the Court, in its discretion, declines to award Defendants their attorneys' fees under Section 505.

Pursuant to 28 U.S.C. § 1927,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Section 1927 sanctions require a bad faith finding." *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). The Court finds that Plaintiffs' counsel did not engage in conduct that would warrant a finding of bad faith under Section 1927.

Accordingly, Defendants' Motion for Attorneys' Fees Under 17 U.S.C. § 505 and 28 U.S.C. § 1927 is **DENIED**.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.